**Order entered May 2, 2019**



**In The**
# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-18-00362-CR
No. 05-18-00363-CR
No. 05-18-00364-CR

**JOHN F. SEAY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F17-44837-P, F17-44838-P & F17-44846-P**

## ORDER

Before the Court are pro se appellant's April 26, 2019 motion seeking to supplement the clerk's records with copies of a motion to suppress evidence and the reporter's record with a copy of Defense Exhibit 1, April 25, 2019 "first" motion for extension of time to file his brief, and April 22, 2019 motion to compel trial court counsel to "surrender the court case/work file she created in representing the Appellant in trial court."

In his motion to supplement the record, appellant alleges trial counsel filed a motion to suppress during the hearing on the motion to suppress held on March 2, 2018. Nothing in the record shows counsel filed such a document. Instead, the record shows appellant filed motions to suppress evidence on October 2, 2017 and February 15, 2018.

The motion to suppress appellant filed on October 2, 2017 references the cause numbers of appellant's cases and was intended to apply to all of them. The three clerk's records in these appeals all contain a copy of appellant's October 2, 2017 motion to suppress evidence. Similarly, the motion to suppress appellant filed on February 15, 2018 purports to reference all of the cause numbers of appellant's cases and apply to all of them. However, the motion incorrectly lists the trial court cause number for cause number 05-18-00362-CR as "F1744836" rather than "F17-44837." Because the February 15, 2018 motion to suppress was not filed in cause no. 05-18-00362-CR, the February 15, 2018 motion to suppress appears only in the clerk's records in cause nos. 05-18-00363-CR and 05-18-00364-CR.

A review of the reporter's record from the March 2, 2018 hearing on the motion to suppress shows Defense Exhibit 1 was used to cross-examine a State's witness, but it was not admitted into evidence.

We conclude the appellate record is complete as filed. Accordingly, appellant's motion to supplement the record is **DENIED**.

Regarding the motion to compel, by order dated December 3, 2018, the Court granted appellant permission to represent himself and ordered his brief filed within thirty days. On January 25, 2019 appellant filed a letter explaining that he was unable to file a brief because he had been arrested in Arizona for violating parole and he had lost access to all of his legal materials. By order entered February 6, 2019, the Court granted appellant an extension and ordered his brief filed within thirty days. On February 21, 2019, appellant requested a second extension. By order entered February 27, 2019, the Court granted appellant thirty days to file his brief. On March 27, 2019, appellant filed a motion seeking a third extension on his brief and a motion seeking to compel his former appellate counsel to "surrender a copy of entire appellate

record." By order dated April 1, 2019, the Court denied the motion to compel, but ordered the Clerk of the Court to furnish appellant with a copy of the appellate record. The April 1, 2019 order also ordered appellant to file his brief within thirty days and cautioned him that the Court would not grant any further extensions absent extenuating circumstances. Under the Court's order, appellant's brief is due May 1, 2019.

Appellant's motion to compel trial counsel to surrender her case file is untimely. Appellant's brief is due after three extensions. He has shown no reason why he needs additional materials from his former trial counsel. This Court's review is limited to the appellate record which the Clerk of the Court has provided to appellant. The Court **DENIES** appellant's motion to compel trial counsel to surrender her case file.

Regarding appellant's motion to extend the time to file his brief, we note that the motion appears to be have been written in February 2019, was filed with the district clerk on April 3, 2019, and not filed with the Clerk of this Court until April 25, 2019. It is a duplicate of appellant's February 21, 2019 motion for extension. Because the Court already granted relief on the motion in its February 27, 2019 order, we **DENY AS MOOT** appellant's April 25, 2019 motion for extension of time to file his brief.

Appellant's brief is overdue. In the interest of justice, the Court extends the time to file appellant's brief until **May 31, 2019**. If appellant's brief is not filed by May 31, 2019, the Court will order these cases submitted without appellant's brief.

/s/    LANA MYERS
JUSTICE